# United States Court of Appeals for the Fifth Circuit

———————————

No. 25-30457
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
May 14, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE ISMAEL RAMIREZ-GONZALEZ,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:24-CR-186-1

———————————————————

Before KING, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:[*]

A jury found Jose Ismael Ramirez-Gonzalez guilty of one count of illegal reentry, in violation of 8 U.S.C. § 1326(a), and one count of possession of a firearm by an alien illegally in the United States, in violation of 18 U.S.C. § 922(g)(5)(A). He challenges the sufficiency of the evidence on the firearm possession count and argues that the admission of portions of a 911 call

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

violated both the Sixth Amendment's Confrontation Clause and Rule 403 of the Federal Rules of Evidence.

We review the evidence in the light most favorable to the Government, *see United States v. Danhach*, 815 F.3d 228, 235 (5th Cir. 2016), and with deference to the jury, *see United States v. Alaniz*, 726 F.3d 586, 600 (5th Cir. 2013). Contrary to Ramirez's arguments, there was ample evidence from which a jury could conclude that he knew he was in the United States illegally, and that he constructively possessed the firearm, which was visible and found in a vehicle of which he was the sole occupant. *See United States v. Silva*, 92 F.4th 547, 550-51 (5th Cir. 2024).

Ramirez has failed to show that the content of the 911 call qualifies as testimonial for purposes of Confrontation Clause protection, which he effectively concedes. *See Davis v. Washington*, 547 U.S. 813, 828 (2006); *United States v. Polidore*, 690 F.3d 705, 718-19 (5th Cir. 2021). We also conclude the district court did not abuse its discretion in admitting the call under Rule 403 given its probative value. *See United States v. Dillon*, 532 F.3d 379, 387 (5th Cir. 2008).

AFFIRMED.